WILSON TURNER KOSMO LLP
FREDERICK W. KOSMO, JR. (138036)
ROBIN A. WOFFORD (137919)
JENNIFER ARNOLD (253065)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: fkosmo@wilsonturnerkosmo.com
E-mail: rwofford@wilsonturnerkosmo.com
E-mail: jarnold@wilsonturnerkosmo.com

Attorneys for Defendant
THE KROGER COMPANY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK BROOKS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE KROGER CO.,<br><br>Defendant. | Case No. 3:19-cv-00106-AJB-MDD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**(Fed. R. Civ. P. 12(b))**<br><br>Complaint Filed: January 15, 2019<br><br>Date: June 20, 2019<br>Time: 2:00 p.m.<br><br>District Judge: Anthony J. Battaglia<br>Courtroom: : 4A<br><br>Magistrate Judge: Mitchell D. Dembin<br>Courtroom: 11th Floor Suite 1180<br><br>Trial Date: Not Set<br><br>**JURY TRIAL DEMANDED** |

# **TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................... 1

II. MOTION TO DISMISS STANDARD ..................................................... 2

III. TELEPHONE CONSUMER PROTECTION ACT .................................. 3

    A. The TCPA Prohibits "Telephone Solicitations" and "Unsolicited Advertisements." ............................................................... 3

    B. The TCPA Does Not Apply to Calls Made for Emergency Purposes. ........................................................................................... 4

IV. ANALYSIS ................................................................................................ 4

    A. Plaintiff Cannot State a Plausible TCPA Claim Because the Alleged Calls Were Made for the Emergency Purpose of Recalling Beef – Not for an Advertisement or Solicitation Purpose. ............................................................................................. 4

        1. Plaintiff's Factual Allegations. .................................................. 5

        2. The Remaining Portions of the "Online Consumer Complaints" Incorporated by Reference into the Complaint Establish No TCPA Violations Occurred, As the Alleged Calls Are Not Unsolicited Advertisements, But Instead Are Proper Emergency Recall Notices .................... 6

        3. The Alleged Calls Were Not Advertisements and Do Not Constitute Marketing. ............................................................. 10

        4. The Emergency Exception Applies to the Food Safety Recall Warnings Made to Both Residential and Cellular Phones. ..................................................................................... 11

    B. Amending the Complaint Would Be Futile ....................................... 14

V. CONCLUSION ........................................................................................ 15

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Aranda v. Caribbean Cruise Line, Inc.*,
   179 F. Supp. 3d 817 (N.D. Ill. 2016) ................................................................ 10, 11

*ASARCO, LLC v. Union Pac. R.R. Co.*,
   765 F.3d 999 (9th Cir. 2014) ................................................................................. 2

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................... 3

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
   459 U.S. 519 (1983) ............................................................................................... 3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................... 2

*Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*,
   497 F.3d 972 (9th Cir. 2007) ................................................................................. 3

*Certain Underwriters at Lloyds Subscribing to Policy No. 0801Q16413M13 v. Transp. Cont'l, Inc.*,
   Case No. 3:16cv02739-AJB-DHB, 2017 WL 2363604 (S.D. Cal. May 31, 2017) .................................................................................................................. 8

*Estate of Cruz-Sanchez by & through Rivera v. United States*,
   Case No. 17cv569-AJB-NLS, 2018 WL 3239340 (S.D. Cal. July 2, 2018) ................................................................................................................ 8, 12

*Dolemba v. Illinois Farmers Ins. Co.*,
   213 F. Supp. 3d 988 (N.D. Ill. 2016) ................................................................ 4, 10

*Friedman v. Torchmark Corp.*,
   No. 12-CV-2837-IEG BGS, 2013 WL 4102201 (S.D. Cal. Aug. 13, 2013) ................................................................................................................ 4, 10

*Hsu v. Puma Biotechnology, Inc.*,
   213 F. Supp. 3d 1275 (C.D. Cal. 2016) .................................................................... 3

*In re Icenhower*,
   755 F.3d 1130 (9th Cir. 2014) ................................................................................ 12

*Khoja v Orexigen Therapeutics*,
   899 F.3d 988 (9th Cir. 2018), *petition for cert. filed* ........................................... 9, 13

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005) .................................................................................. 8

*Nat'l Council of La Raza v. Cegavske*,
   800 F.3d 1032 (9th Cir. 2015) ................................................................................ 14

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001) .................................................................................... 2

*Satterfield v. Simon & Schuster, Inc.*,
   569 F.3d 946 (9th Cir. 2009) .................................................................................. 11

*SmileCare Dental Grp. v. Delta Dental Plan of Cal.*,
   88 F.3d 780 (9th Cir. 1996) ...................................................................................... 2

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007) .................................................................................................. 3

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) ............................................................................ 3, 8, 9

**Federal Statutes**

47 U.S.C. § 227(a)(4) ................................................................................................. 1, 3

47 U.S.C. § 227(a)(5) .................................................................................................... 3

47 U.S.C. § 227(b)(1)(A)(iii) .................................................................................. 4, 12

47 U.S.C. § 227(b)(1)(B) ........................................................................................ 4, 12

**Rules**

Federal Rules of Civil Procedure 1 ......................................................................... 2, 15

Federal Rules of Civil Procedure 12(b)(6) ...................................................... 2, 3, 4, 9

Federal Rules of Civil Procedure 12(d) ........................................................................... 3

Federal Rules of Civil Procedure 15(a) ......................................................................... 14

Federal Rules of Evidence 201 ..................................................................................... 12

Federal Rules of Evidence 201(b) ................................................................................. 12

Federal Rules of Evidence 201(c)(2) ............................................................................ 12

**Regulations**

47 C.F.R. § 64.1200(a)(3)(iii) .................................................................................. 4, 10

47 C.F.R. § 64.1200(f)(1) ............................................................................................. 10

47 C.F.R. § 64.1200(f)(4) ............................................................................................. 12

47 C.F.R. § 64.1200(f)(14) ........................................................................................... 10

## I. INTRODUCTION

This Motion to Dismiss Plaintiff's telemarketing class action can be summed up with one familiar question: "Where's the Beef?" Plaintiff Derrick Brook's Complaint alleges that Defendant The Kroger Company violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by calling Plaintiff and the proposed class members using an automatic telephone dialing system at least once from the telephone number (800) 727-2333, and then playing a recorded message that begins with: "Hello, this call is from your Kroger family of stores…," allegedly injuring Plaintiff and two nationwide classes of consumers. But the Complaint fails to state a plausible claim for which relief can be granted, because something fundamental is missing from the allegations that form the basis of the claims.

The Complaint omits – but documents it incorporates by reference reveal – that Plaintiff cannot state a plausible TCPA claim, because the alleged phone calls were made to recall unsafe beef products potentially contaminated with *salmonella*. For instance, the Complaint quotes this portion of an "online consumer complaint" about an automated call made from the (800) 727-2333 number:

"Automated call from Kroger…"

but leaves out this portion:

"...requesting that you return ground beef that was purchased between August and September of 2018, due to the threat of salmonella."

The missing portions of the "online consumer complaints" that form the basis of the TCPA claims, along with judicially noticeable USDA Class 1 Beef Recall Notices, establish that the phone calls were not advertisements made for the purpose of encouraging the purchase of goods. Therefore, the alleged "residential line" (or landline) calls fall outside the type of conduct prohibited by the TCPA. Further, all of alleged calls were to warn Plaintiff and the proposed nationwide classes of "a reasonable probability that the use of the product will cause serious, adverse health

-1-    Case No. 3:19-cv-00106-AJB-MDD

MEMORANDUM OF POINTS & AUTHORITIES ISO DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT

consequences or death," and therefore the alleged landline and cellular phone calls also fall within the emergency exception to the TCPA.

Fortunately, the Federal Rules of Civil Procedure do not force this Court to ignore the portions of the quoted materials that Plaintiff omits from this Complaint. This Court is authorized to consider these dispositive facts without converting this Motion to Dismiss into an early summary judgment motion, because the Complaint incorporates by reference the key omitted facts, and the USDA Class I Recall Notices are proper subjects of judicial notice.

In short, the Defendant's beef recall warnings did not violate the TCPA, and the Court is not bound to ignore the key dispositive facts that the Complaint carved out from consumer statements it quotes and relies on to form the factual basis for its TCPA claims.  The omitted facts and Federal Rule of Civil Procedure 1 compel an efficient end to this meritless lawsuit.

## II.     MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted.  *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "[A] court may dismiss a complaint as a matter of law for (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim."  *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (internal quotation marks and citation omitted).  However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  If, however, the complaint discloses "some obvious bar to securing relief," dismissal is appropriate at the pleading stage.  *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).

In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor

of the nonmoving party. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation."). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

"Typically, a court can only consider what's in the complaint when it is deciding a Rule 12(b)(6) motion to dismiss a complaint." *Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1279 (C.D. Cal. 2016) (citation omitted); FED. R. CIV. P. 12(d). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (a court may consider "other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

### III. TELEPHONE CONSUMER PROTECTION ACT

#### A. The TCPA Prohibits "Telephone Solicitations" and "Unsolicited Advertisements."

The TCPA was enacted to address concerns associated with certain telemarketing solicitation practices. It defines the term "telephone solicitation" to mean the initiation of a telephone call for the purpose of encouraging the purchase of goods or services. 47 U.S.C. § 227(a)(4). The TCPA defines the term "unsolicited advertisement" to mean "any material advertising the commercial availability or quality of any property, goods, or services…." 47 U.S.C. § 227(a)(5).

Pursuant to the authority granted in § 227(b)(2)(B), the Federal Communications Commission ("FCC") has exempted from liability calls to "residential lines," or landlines, that do not "include or introduce an advertisement or constitute telemarketing." 47 C.F.R. §64.1200(a)(3)(iii); *Friedman v. Torchmark Corp.*, No. 12-CV-2837-IEG BGS, 2013 WL 4102201, at *3 (S.D. Cal. Aug. 13, 2013) (dismissing TCPA landline claims for failure to state a claim under Rule 12(b)(6) where plaintiff failed "to allege that the messages constitute unsolicited advertisements or telephone solicitations."); *Dolemba v. Illinois Farmers Ins. Co.*, 213 F. Supp. 3d 988, 994 (N.D. Ill. 2016) (same).

### B.  The TCPA Does Not Apply to Calls Made for Emergency Purposes.

The TCPA prohibits telemarketers from making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice…" to cell phones.  47 U.S.C. § 227(b)(1)(A)(iii) (cell phone provision).  The TCPA also bans telemarketers from initiating "any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes…." 47 U.S.C. § 227(b)(1)(B) (landline provision).

### IV.  ANALYSIS

### A.  Plaintiff Cannot State a Plausible TCPA Claim Because the Alleged Calls Were Made for the Emergency Purpose of Recalling Beef – Not for an Advertisement or Solicitation Purpose.

The Complaint fails to allege sufficient facts to support a plausible claim, because documents that it relies on to form the basis of the TCPA claims reveal the key dispositive fact that the calls were made to recall (not sell) beef that the USDA had determined could cause "serious, adverse health consequences or death."  Because the calls were not made to solicit or advertise, Plaintiff has failed to state a plausible TCPA violation.  And because the true purpose of the calls was to protect against the

-4-     Case No. 3:19-cv-00106-AJB-MDD

"reasonable probability" of the consumers' injury or death, the alleged calls also fall within the emergency exception to the TCPA.

### 1. Plaintiff's Factual Allegations.

Plaintiff alleges that "Kroger called Plaintiff using an automatic telephone dialing system without his prior express written consent at least once, including a call on December 7, 2018 from the telephone number (800) 727-2333." (Docket ("Dkt.") 1, ¶ 10). "Thereafter, a recording played with a message starting: 'Hello, this call is from your Kroger family of stores.'" (Dkt. 1, ¶ 12). The Complaint omits the remainder of the recorded message. (Dkt. 1, *passim*).

The Complaint further alleges:

> Online consumer complaints regarding Defendant's unsolicited phone calls from this same number are legion:
> - "Automated call from Kroger…"
> - "annoying"
> - "When I answer, they hang up."
> - "Call from Kroger stores…"
> - "I got the same one from Kroger. Problem is, we don't have a Kroger where I live."

(Dkt. 1, ¶ 15, pp. 3-4).

Importantly, the Complaint does not allege that the automated calls were solicitations or advertisements or made for the purpose of encouraging the purchase of goods or services. (Dkt. 1, *passim*). The Complaint does acknowledge that Congress enacted the TCPA to prevent telemarketing. (Dkt. 1, ¶ 7).

/ / /

/ / /

/ / /

### 2. The Remaining Portions of the "Online Consumer Complaints" Incorporated by Reference into the Complaint Establish No TCPA Violations Occurred, As the Alleged Calls Are Not Unsolicited Advertisements, But Instead Are Proper Emergency Recall Notices.

The "online consumer complaints" that are quoted in the Complaint form the factual basis for Plaintiff's TCPA claims. Plaintiff expressly relies on and quotes snippets of "online consumer complaints" about calls made from the same (800) 727-2333 phone number. But the full text of the "online consumer complaints" reveal that these were not telemarketing calls – they were emergency recall notices, warning that the consumer had purchased beef that may be contaminated with *salmonella*.

For the Court's convenience, Defendant provides the complete quotes:

| Excerpts Relied On By Complaint | Full Quote from "Online Consumer Complaint" |
|---|---|
| "Automated call from Kroger…" | "Ivan<br>6 Dec 2018 \| 4 replies<br>Automated call from Kroger, requesting that you return ground beef that was purchased between August and September of 2018, due to the threat of salmonella. Stores would include Smith's, Ralph's, Baker's and other Kroger stores.<br>*Caller: Kroger*<br>*Call type: valid*" |
| "annoying" | [Full excerpt in Complaint] |
| "When I answer, they hang up." | [Full excerpt in Complaint] |
| "Call from Kroger stores…" | "Rizzo<br>6 Dec 2018<br>Call from Kroger stores advising that we purchased ground beef between Aug 15 & sept 10 , 2018. If you still have any in your freezer , be sure you return it back to the KrogercStore.<br>*Caller: Krueger stores*<br>*Call type: Valid*"<br>[*sic*] |

-6- Case No. 3:19-cv-00106-AJB-MDD
MEMORANDUM OF POINTS & AUTHORITIES ISO DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT

| "I got the same one from Kroger. Problem is, we don't have a Kroger where I live." | [Full excerpt in Complaint] |

(Dkt. 1, ¶ 15; Arnold Declaration ¶¶ 2-6; Exhibits A, B, and C).[1]

The documents containing the "online consumer complaints" excerpted in the Complaint also include additional confirmation that the calls were made as part of the beef recall:

> Donna
> 5 Dec 2018
> Call was a robo call from Grass Run Farms reporting the ground meat recall and what brands you need to return
> *Caller: Grass Run Farms*
> *Call type: valid*
>
> Jim
> 7 Dec 2018
> Call from Kroger stores  advising that we purchased ground beef [*sic*]
> *Caller: Kroger*
>
> Nelson, Horatio – Posted 06 Dec 2018
> Call from Kroger to inform me of a ground beef/sirloin recall

[Continued on next page]

---

[1] It is troubling that Plaintiff had knowledge of, but chose not to include, the unquoted text disclosing key facts that are unfavorable to Plaintiff.  Defendant is concerned whether this conduct is consistent with the duty of candor owed to the Court.

> **MikeHuntleton**
> 7 Dec 2018
>
> **Its a Recall Alert from Kroger:**
>
> > Quote:
> > Hello This call is from your Kroger family in stores with an important recall announcement please get a pen and paper the message will begin in 8 seconds. (music plays)
> >
> > We want to alert you that you may have purchased:
> > -19.2 ounce home style beef patty 8024 pack
> > -2.2 lb home style beef patty 8020
> > -2 pound Kroger ground beef 8020
> > -1 pound quiver ground beef 8020
> > with sell by dates 9-1-18 through 10-9-18 that have been recalled. The product may be contaminated with salmonella and if eaten could result in severe illness to those individuals who may.(cut off)
>
> Listen to Message
>
> News Article posted Dec 4
> https://www.cnbc.com/2018/12/04/feds-expand-b ... k-broadens.html
>
> If you didn't buy any ground beef from their stores, then ignore the call.

(Arnold Declaration ¶¶ 2-6; Exhibits A, B, and C).

The Court may properly consider the omitted portions of the "online consumer complaints" as incorporated by reference into the Complaint, because the Complaint expressly quotes the documents and relies on them as key allegations to support the TCPA claims. "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, *supra*, 342 F.3d at 908; *Knievel v. ESPN*, 393 F.3d 1068, (9th Cir. 2005) (finding that the complaint, by attaching a photograph and caption from a website, had incorporated by reference the surrounding web pages); *see also Certain Underwriters at Lloyds Subscribing to Policy No. 0801Q16413M13 v. Transp. Cont'l, Inc.*, Case No. 3:16cv02739-AJB-DHB, 2017 WL 2363604, at *2 (S.D. Cal. May 31, 2017) (finding bill of lading incorporated by reference because it was expressly referenced in the complaint and was "a key part of Plaintiff's Complaint."); *Estate of Cruz-Sanchez by*

*& through Rivera v. United States*, Case No. 17cv569-AJB-NLS, 2018 WL 3239340, at *3 (S.D. Cal. July 2, 2018) (finding that the complaint incorporated by reference the performance standards document that the complaint referenced and applied, as well as the underlying contract that the complaint mentioned and quoted.).

"The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908; *Khoja v Orexigen Therapeutics*, 899 F.3d 988, 999 (9th Cir. 2018), *petition for cert. filed* (No. 18-1010) Jan. 31, 2019 ("While this is generally true, it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint."). In other words, the contents of a document incorporated by reference may be treated as true if the facts therein fill a factual gap in the complaint or conflict with legal conclusions, but not if the contents conflict with a factual allegation.

In this case, the fact that the calls were made to recall *salmonella*-contaminated beef is presented in the "online consumer complaints" incorporated by reference, and the Court may therefore assume the truth of this fact for purposes of this motion. Even under *Khoja*'s careful scrutiny of the application of the incorporation by reference doctrine, the Court may properly assume this fact is true, because the Complaint does not include any factual allegations contradicting this fact, which was disclosed in the documents incorporated by reference.

Here, the Complaint is purposely silent as to the contents of the phone call Plaintiff received after the greeting and identification: "Hello, this call is from your Kroger family of stores…." (Dkt. 1, ¶ 12). The Complaint also offers no factual allegations about the contents of the recorded message played during any other alleged robocall. Consequently, the doctrine of incorporation by reference permits the Court to fill the factual gap in the pleading with the beef recall fact disclosed in the incorporated documents.

The documents incorporated by reference into the Complaint disclose that the purpose of the call was a ground beef recall, which this Court may accept as true in ruling on this Motion to Dismiss.

### 3. The Alleged Calls Were Not Advertisements and Do Not Constitute Marketing.

Plaintiff fails to state a plausible claim for TCPA landline violations, because the beef recall contents and purpose of these calls set them outside "the ambit of unsolicited advertisements or telephone solicitations." *Friedman, supra*, 2013 WL 4102201, at *3; *see also* 47 C.F.R. §64.1200(a)(3)(iii); *Dolemba, supra*, 213 F. Supp. 3d at 994. The FCC defines "advertisement" to mean "any material advertising the commercial availability or quality of any property, goods, or services." 47 C.F.R. § 64.1200(f)(1). Similarly, the FCC defines "telephone solicitation" to mean "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services…." 47 C.F.R. § 64.1200(f)(14).

The beef recall warnings at issue in this case do not constitute an advertisement or telephone solicitation. The alleged calls did not promote the commercial availability or quality of the unsafe beef, or any other property, goods, or services. Nor did Defendant make the alleged calls for the purpose of encouraging the purchase of the beef – to the contrary, the calls encouraged the consumers to return products to the store. The USDA Class 1 food safety recall falls outside the type of phone call prohibited by the TCPA, because it was not an advertisement and not made for the purpose of encouraging a purchase. Consequently, Plaintiff's landline TCPA claims must be dismissed.

Common sense dictates that the cellular phone TCPA claims should be dismissed for the same reason as the landline claims. Defendant must note, however, that the FCC has clung to obsolete language in the TCPA differentiating between landlines and cellular phones. *Aranda v. Caribbean Cruise Line, Inc.*, 179 F. Supp. 3d

817, 825–27 (N.D. Ill. 2016). At the time the legislation was enacted in 1991, calls to cellular phones were substantially more expensive to the recipient, and those calls reached the intended recipient less often than landline calls. *Ibid*. The reasons for the outdated differentiation no longer apply, as many people do not have landlines and inexpensive phone plans are widely available.

The absurdity of differentiating between landline and cellular phone calls comes into focus in this case. The TCPA was enacted to protect consumers. The alleged calls were made to protect consumers from unsafe beef products, and thus comport with the TCPA's fundamental purpose. Permitting USDA Class I Recall Notices to a consumer's landline because they are not advertisements or solicitations makes sense. Prohibiting the same call to the consumer's cellular phone, regardless of the pro-consumer, non-solicitation purpose does not make sense; it is "arbitrary, capricious, [and] manifestly contrary to the statute." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (setting forth standard for analyzing whether the FCC's interpretation of the TCPA is permissible). In construing the TCPA, this Court should not treat as surplusage, as the FCC has done, the statute's express consumer-protection purpose. Instead, this Court should consider the TCPA's express consumer-protection purpose and consistent logic. To the extent the landline/cellular phone differentiation is based on common law or impermissible FCC interpretations that do not comport with the full context set forth in the TCPA's statutory framework, Defendant urges this Court to apply the same logic to the cellular phone TCPA claims as the landline TCPA claims, and dismiss the cellular phone claims.

**4. The Emergency Exception Applies to the Food Safety Recall Warnings Made to Both Residential and Cellular Phones.**

The Complaint acknowledges that the TCPA "prohibits the use of autodialers to make any call to a wireless number *in the absence of an emergency or the prior express consent of the called party*." (Dkt. 1, ¶ 8, p. 2:17-19 (emphasis added)). Indeed, both the cell phone and the landline provisions of the TCPA include the

emergency exception. 47 U.S.C. § 227(b)(1)(A)(iii) and (B). The FCC's implementing regulations offer some guidance on the type of emergency contemplated by the TCPA. In implementing regulations, the FCC defines "emergency purposes" to mean "calls made necessary in any situation affecting the health and safety of consumers." 47 C.F.R. § 64.1200(f)(4).

After glossing over the emergency exception, the Complaint relies on the "online consumer complaints" set forth above, that, when viewed in full context, establish that the emergency exception applies to bar these TCPA claims.

Any doubts about whether the beef recall qualifies as an emergency are resolved by the judicially noticeable USDA Notices of the contemporaneous Class 1 Food Safety Recall, which defined this beef recall as one with a "reasonable probability" that using the beef would result in "serious, adverse health consequences or death." (Arnold Declaration ¶¶ 7-9; Request for Judicial Notice ("RJN"); Exhibits D and E). That language leaves no doubt that the alleged calls were "made necessary" by a "situation affecting the health and safety of consumers." 47 C.F.R. § 64.1200(f)(4).

Defendant requests, here and in the Request for Judicial Notice, that the Court take judicial notice of each of the following facts, because they are undisputed and are from reliable public records and government documents. Federal Rule of Evidence 201 states that a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." FED. R. EVID. 201(c)(2); *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014). "[C]ourts routinely take judicial notice of '[p]ublic records and government documents available from reliable sources on the Internet[.]'" *Estate of Cruz-Sanchez by & through Rivera v. United States*, Case No. 17cv569-AJB-NLS,

-12- Case No. 3:19-cv-00106-AJB-MDD

MEMORANDUM OF POINTS & AUTHORITIES ISO DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT

2018 WL 3239340, at *3 (S.D. Cal. July 2, 2018) (quoting *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015)) (taking judicial notice of government documents available from reliable Internet source)); *but see Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 999 (9th Cir. 2018), *petition for cert. filed* Jan. 31, 2019 ("But a court cannot take judicial notice of *disputed* facts contained in such public records." (emphasis added)).

Each of the facts below, which further establish that the beef recall qualifies as an emergency, are drawn from a reliable public record or government document source, and are not subject to reasonable dispute.

The USDA has three recall classifications: a Class III recall applies to "a situation where the use of the product will not cause adverse health consequences;" a Class II recall applies to "a health hazard situation where there is a remote probability of adverse health consequences;" and a Class I recall "is a health hazard situation where there is a reasonable probability that the use of the product will cause serious, adverse health consequences or death." (Arnold Declaration ¶¶ 7-9; RJN; Exhibits D and E).

On October 4, 2018, the USDA issued Notice of a Class I nationwide recall of beef products made by JBS Tolleson, Inc. and sold at retail stores, including Kroger family of stores such as Kroger's and Ralph's in California, due to possible *salmonella* contamination. (Arnold Declaration ¶ 7; RJN; Exhibits D and F). On December 4, 2018, the USDA expanded the Class I recall to include additional beef products, and issued an updated retailer list on December 7, 2018. (Arnold Declaration ¶¶ 8 and 9; RJN; Exhibits E and F). These "High" "Health Risk" recalls were contemporaneous with the December 7, 2018 call alleged in the Complaint, and with the dates of the "online consumer complaints" the Complaint relies on. Both USDA Notices advise that "[c]onsumers with questions regarding the recall can contact the JBS USA Consumer Hotline at (800) 727-2333." (Arnold Declaration ¶ 7; RJN; Exhibits D and E).

Tellingly, the phone number (800) 727-2333, which Plaintiff identifies as the call-initiating number, is actually assigned to Grass Run Farm, Inc., which produces grass-fed beef products and operates as a subsidiary of JBS USA, LLC, which is the beef product identified in the USDA recall notices. (Arnold Declaration ¶ 10; RJN; Exhibits D, E, and G). On its website, Grass Run Farm styles the phone number as follows: 800.727.BEEF. (Arnold Declaration ¶ 11; RJN; Exhibit H).

These facts confirm that the alleged telemarketing calls from the 800.727.BEEF number were emergency calls made subject to the USDA's Class I Recall of beef that probably would cause serious health consequences to Plaintiff and the proposed class. This food safety recall is the very type of emergency excepted by the TCPA.

Because the emergency exception applies in this instance, the Complaint fails to state a plausible claim for relief under the TCPA. It is also beyond reasonable dispute that the alleged calls were not "advertisements" or "solicitations" as the calls were not for the purpose of promotion or sale of "property, goods, or services." Therefore, the Complaint must be dismissed because the alleged calls were not an unsolicited advertisement, and/or because the emergency exception bars liability in this case.

### B. Amending the Complaint Would Be Futile

Plaintiff should not be permitted to "beef" up its TCPA allegations, because there are no potentially curative amendments. Leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Justice, however, does not require that leave to amend be granted where amendment would be futile. *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015) ("It is black-letter law that a district court must give plaintiffs at least one chance to amend a deficient complaint, absent a clear showing that amendment would be futile."). Amendment would be futile in this instance, because Plaintiff can offer no amendment that would change the dispositive facts: the phone calls initiated to Plaintiff and the proposed class members from the 800.727.BEEF phone number were emergency beef recall warnings. As Plaintiff will be unable to identify any curative amendment, justice does not require

that leave to amend be granted.  Consequently, Defendant urges the Court to grant this motion without leave to amend and with prejudice.

## V. CONCLUSION

This action must be dismissed at the pleading stage, because the important omitted facts establish that Defendant did not violate the TCPA in making USDA Class 1 food safety recalls to Plaintiff and the proposed classes.  The alleged calls are not TCPA violations, as they are not calls for the promotion and sale of goods or services, and instead they were proper safety recall notices.  Accordingly, the Court should dismiss this action now, as it plainly lacks merit based on documents that are incorporated by reference in the Complaint or that are judicially noticeable.  In accordance with Federal Rule of Civil Procedure 1's mandate that the Rules should be "employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding," Defendant urges the Court to grant this Motion to Dismiss the Plaintiff's Complaint without leave to amend and with prejudice.

Dated:   March 21, 2019         **WILSON TURNER KOSMO LLP**

By:   */s/Frederick W. Kosmo, Jr.*
       FREDERICK W. KOSMO, JR.
       ROBIN A. WOFFORD
       JENNIFER ARNOLD
       Attorneys for Defendant
       THE KROGER COMPANY

-15-    Case No. 3:19-cv-00106-AJB-MDD
MEMORANDUM OF POINTS & AUTHORITIES ISO DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT