UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Derrick Brooks,<br><br>                                Plaintiff,<br><br>v.<br><br>The Kroger Co.,<br><br>                              Defendant. | Case No.: 3:19-cv-00106-AJB-MDD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. No. 7)** |
|---|---|

Before the Court is Defendant The Kroger Co.'s motion to dismiss Plaintiff Derrick Brooks' complaint. (Doc. No. 7.) Plaintiff's TCPA action alleges Kroger called him for marketing purposes and references portions of online customer complaints as evidence that the calls were made unlawfully. However, when a complaint only asserts conclusory findings and fails to incorporate the full consumer quotes illuminating the nature of Kroger's call—to warn about salmonella-tainted beef—the Court finds Plaintiff cannot state a claim. Thus, the Court **GRANTS** Defendant's motion to dismiss without leave to amend. (Doc. No. 7.)

## I. BACKGROUND

Plaintiff brings this class action under the Telephone Consumer Protection Act ("TCPA") against The Kroger Co. for alleged unauthorized marketing calls made using an automated telephone dialing system ("ATDS"). (Doc. No. 1 at 2.) Plaintiff alleged Kroger called him and other putative class members at least once on December 7, 2018, from

1

3:19-cv-00106-AJB-MDD

telephone number (800) 727-2333. (*Id.* ¶ 10.)

## II.     LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court may dismiss a complaint as a matter of law for: "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for the court to assume "the [plaintiff] can prove facts that [he or she] has not alleged . . . ." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court only reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond. *See* Fed. R. Civ. P. 12(b); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n.4 (9th Cir. 1998). A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment. *See Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Barron v. Reich*, 13 F.3d 1370, 1377

(9th Cir. 1994); 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[2] (3d ed. 1999).

Certain written instruments attached to pleadings may be considered part of the pleading. *See* Fed. R. Civ. P. 10(c). Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim. *See Van Buskirk*, 284 F.3d at 980; *Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *Venture Assoc. Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6). The doctrine of incorporation by reference may apply, for example, when a plaintiff's claim about insurance coverage is based on the contents of a coverage plan, *see Parrino*, 146 F.3d at 705–06, or when a plaintiff's claim about stock fraud is based on the contents of SEC filings, *see In re Silicon Graphics Secs. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999).

### III. DISCUSSION

Kroger argues the call it made to Plaintiff and other putative class members falls under the emergency exception of the TCPA because the phone call warned consumers about salmonella-tainted beef and was related to consumers' injury or death. (Doc. No. 7-1 at 9–10.) Kroger asserts Plaintiff's complaint thus fails to state that the calls were done for marketing purposes—a necessary fact under the statute.

The TCPA forbids making any call to a cellular or landline telephone using an ATDS. 47 U.S.C. § 227(b)(1)(A)(iii), (b)(1)(B). The FCC defines "advertisement" to mean "any material advertising the commercial availability or quality of any property, goods, or services." 47 C.F.R. § 64.1200(f)(1). Similarly, the FCC defines "telephone solicitation" to mean "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services…." 47 C.F.R.

§ 64.1200(f)(14). The TCPA, however, makes an exception for calls made for emergency purposes. *Id.* at (b)(1)(A)(iii) ("(other than a call made for emergency purposes. . . ."), (b)(1)(B) ("unless the call is initiated for emergency purposes. . . ."). The FCC defines "emergency purposes" as "any situation affecting the health and safety of consumers." 47 C.F.R. § 64.1200(f)(4).

First, the Court is troubled by Plaintiff's misrepresentations in the complaint. Plaintiff purposely omitted details from customer complaint information it found online to make Kroger's calls seem nefarious. Because the complaint refers to external information found online, Kroger argues it can incorporate by reference the full quotations found there. (Doc. No. 7-1 at 10–11.) The complaint includes five quotes. (Doc. No. 1 ¶ 15.) Those include:

1. "Automated call from Kroger . . ."
2. "annoying"
3. "When I answer, they hang up."
4. "Call from Kroger stores . . ."
5. "I got the same one from Kroger. Problem is, we don't have a Kroger where I live."

(*Id.*) Kroger's motion notes the full quote for two of the complaints:

1. Ivan – 6 Dec 2018 "Automated call from Kroger, requesting that you return ground beef that was purchased between August and September of 2018, due to the threat of salmonella. Stores would include Smith's, Ralph's, Baker's and other Kroger stores."
4. Rizzo – 6 Dec 2018 "Call from Kroger stores advising that we purchased ground beef between Aug 15 & sept 10 , 2018. If you still have any in your freezer, be sure you return it back to the KrogercStore [sic]."

(Doc. No. 7-1 at 11.) Kroger argues the Court can consider these quotes as evidence that it indeed called Plaintiff under the emergency exception without converting the motion to dismiss into a motion for summary judgement because it is incorporated by reference in Plaintiff's complaint. Kroger argues the complaint should be dismissed for failure to comply with Rule 12(b)(6) and Rule 8, as the complaint only includes conclusory allegations and fails to plead a necessary element.

4

3:19-cv-00106-AJB-MDD

1    The Court agrees. The complaint makes only conclusory allegations that the calls
2    were done for marketing purposes, and even goes so far as to misrepresent information to
3    the Court in doing so. As such, the complaint fails to state that the calls were done for
4    marketing purposes. Accordingly, the Court **GRANTS** the motion to dismiss.

### IV. AMENDMENT

Courts are instructed that leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Justice, however, does not require that leave to amend be granted where amendment would be futile. *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015). Here, the Court holds that amendment would be futile. Incorporating the entire online complaints by reference, the Court finds that there are no set of facts which would solve Plaintiff's problem. Plaintiff begs for a greater act by Defendant than the statute contemplates. Plaintiff's theory of the emergency exception doctrine is that an individual must be in direct harm to justify a call. However, there is no statutory or legal justification to read the exception so narrowly. Here, Kroger had a bona fide emergency in its tainted and potentially life-threatening beef, and thus called potential consumers of that beef to warn them.

Plaintiff's reference to a recent Ninth Circuit case purporting to narrow the emergency exception is unpersuasive. In *Duguid v. Facebook, Inc.*, --- F.3d ---, 2019 WL 2454853, at *4 (9th Cir. 2019), plaintiff sued Facebook for text messages it sent plaintiff alerting him of a security breach and urging him to log in to his account for more information. *Id.* at *2. However, plaintiff argued he never had a Facebook account, could not log in for more information, responded to the messages with "Off," and after receiving assurance from Facebook that he would not receive more messages, continued to receive them. *Id.*

The Court discussed the emergency exception, noting that because plaintiff was "not a Facebook customer and has advised Facebook of that fact repeatedly and through various means of communication . . . . his account could not have faced a security issue, and [thus] Facebook's messages fall outside even the broad construction the FCC has afforded the

5

3:19-cv-00106-AJB-MDD

emergency exception." *Id.* at *4. Notably, the Court cited a footnote in the TCPA's Rules & Regulations which states in part: "[P]urported emergency calls cannot be targeted to just any person. These calls must be about a bona fide emergency that is relevant to the called party." *See In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991* (hereinafter *Rules & Regulations*), 31 F.C.C. Rcd. 9054, 9063 ¶ 21 n.76 (Aug. 4, 2016). Plaintiff relies on this sentence in arguing Kroger's calls do not fall under the emergency exception.

However, this reliance is improper as three sentences later in the same footnote, the Court stated the ruling was purposely narrow to the facts discussed in the ruling—calls made in a schooling context. The full footnote, in relevant part, is as follows:

> <u>First, purported emergency calls cannot be targeted to just any person. These calls must be about a bona fide emergency that is relevant to the called party.</u> For example, calls about school closings, which we have already noted as a scenario that constitutes an emergency, would be relevant to parents or guardians of students or "other members of the school community." *See* Letter to Marlene H. Dortch, Secretary, FCC, from Patrick R. Halley, counsel for Hubbard Broadcasting, Inc., CG Docket No. 02-278, dated Feb. 8, 2016 (*Hubbard Ex Parte Filing*) at 1-2. <u>Second, our ruling addresses only the specific situation raised in the record concerning calls made by third parties who work in partnership with schools</u>, such as "*broadcasters who work directly with schools* in order to send critical school-related public safety announcements, such as school closings." *Id.* at 1 (emphasis added). <u>Our ruling does not address other situations or calls made by other, unrelated third parties.</u>

*Id.* (emphasis added).

Thus, the Ninth Circuit's reliance on that footnote in support of their attempt to rein in the exception to anything non-related to school calls is dubious. Moreover, the discussion in *Duguid* ought to be considered dicta because the Court does not rule on those grounds. *Duguid*, 2019 WL 2454853, at *4. Rather, the Court discusses how the argument is inappropriate for a dismissal stage since it was obvious on the face of the pleadings, taking them as true, that plaintiff was not a Facebook customer. *Duguid*, 2019 WL 2454853, at *4. Finally, it is worth noting that Duguid alleged he did not have a Facebook

account in his complaint while Plaintiff failed to allege he never shopped at any Kroger owned store.

Given these factors, the Court finds *Duguid* has little precedential value. Plaintiff chiefly relies on the "purported" language pulled from *Rules & Regulations* to support its argument that the emergency exception should not apply. However, as noted, that language was not meant to be applied outside of schools. *See supra*. Thus, the Court finds amendment would be futile as Plaintiff cannot plead around the true purposes of Kroger's call, and **DENIES** leave to amend.

## V. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendant's motion to dismiss without leave to amend. (Doc. No. 7.) The Court **DIRECTS** the Court Clerk to close the case.

**IT IS SO ORDERED.**

Dated: August 12, 2019

Hon. Anthony J. Battaglia
United States District Judge